IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Sammie Louis Stokes,<br><br>  Petitioner,<br><br>vs.<br><br>Bryan P. Stirling, Director, South Carolina Department of Corrections; and Joseph McFadden, Warden of Lieber Correctional Institution,<br><br>  Respondents. | C/A No.: 1:16-cv-00845-RBH-SVH<br><br>**ORDER GRANTING MOTION TO EXTEND STAY OF EXECUTION** |

Petitioner Sammie Louis Stokes is an indigent prisoner under sentence of death. This matter is before the Court on Petitioner's Motion to Extend Stay of Execution and Permit Filing of Placeholder Petition filed on June 13, 2016. ECF No. 21. Also on June 13, 2016, Petitioner filed a Petition for Writ of Habeas Corpus. ECF No. 22. Petitioner asks that this Court consider the filed Petition for Writ of Habeas Corpus to be a "placeholder" petition by granting Petitioner the remaining time under the statute of limitations, until December 23, 2016, in which to file an amended petition, before ordering Respondents to respond.[1] ECF No. 21.

A stay of execution for a sentence of death imposed by a court of a state is governed by 28 U.S.C. § 2251(a)(1) and (a)(3). *See Gray v. Kelly*, 131 S. Ct. 2956 (2011) (citing 28 U.S.C. § 2251(a)(3)); *McFarland v. Scott*, 512 U.S. 849 (1994); *Powell v. Kelly*, 492 F. Supp. 2d 552, 556–57 (E.D. Va. 2007) (applying 28 U.S.C. § 2251(a)(3)); Donald E. Wilkes, Jr., Federal Postconviction Remedies Handbook § 7:20 (May 2013) (explaining that the Patriot Act amended 28 U.S.C. § 2251 to

---

[1] As discussed on the next page, this Court issued an order on March 16, 2016, granting Petitioner a stay of execution pursuant to 28 U.S.C. § 2251(a)(3) (permitting a ninety-day stay after counsel is appointed) and requiring Petitioner to file a habeas petition within ninety days of the stay of execution. ECF No. 8.

expressly ratify the holding in *McFarland*). "The federal habeas corpus statute grants any federal judge 'before whom *a habeas corpus proceeding is pending*' power to stay a state-court action 'for any matter involved in the habeas corpus proceeding.'" *McFarland*, 512 U.S. at 857 (citing 28 U.S.C. § 2251) (emphasis in original). When a capital defendant invokes his or her right to counsel under 28 U.S.C. § 2251, a federal court has jurisdiction to issue a stay of execution. *See* 28 U.S.C. § 2251(a)(3); *McFarland*, 512 U.S. at 858 ("once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution").

On March 16, 2016, this Court granted Petitioner a ninety-day stay of execution pursuant to 28 U.S.C. § 2251(a)(3) and directed Petitioner to file a habeas corpus petition within that same time period. ECF No. 8. The Court also required Petitioner, prior to the expiration of the ninety-day stay of execution, to seek a longer stay of execution pursuant to 28 U.S.C. § 2251(a)(1) in order to allow the Court to rule on the merits of the habeas petition. *Id.*

On June 13, 2016, Petitioner complied with this Court's directive by filing a Petition for Writ of Habeas Corpus; the same day, Petitioner also filed a Motion to Extend Stay of Execution and Permit Filing of Placeholder Petition. *See* ECF Nos. 21 & 22. In addition to requesting that the stay of execution be extended, Petitioner asks that this Court consider the filed Petition for Writ of Habeas Corpus to be a "placeholder" petition "and grant Petitioner the remaining time under the statute of limitations, until December 23, 2016, in which to file an amended petition, before ordering Respondents to respond." ECF No. 21 at 2. Petitioner's attorneys further state, "Counsel for the respondents was consulted and stated, 'I have no objection to your suggestion. This is consistent with Judge Norton's approach in the Bryant FHC action which I would request you follow the same approach.'" *Id.* (footnote omitted).

2

Having reviewed both the motion and the petition, this Court hereby accepts as filed the Petition for Writ of Habeas Corpus. The Court finds that Petitioner should be granted a stay of execution pursuant to 28 U.S.C. § 2251(a)(1) pending the resolution of his habeas corpus petition. However, it is unclear from the motion whether Respondents' counsel do not object to Petitioner's request that he be granted the remaining time under the statute of limitations, until December 23, 2016, in which to file an amended petition, before ordering Respondents to respond. *See* ECF No. 21 at 2. Within six days of the date of this order, Respondents shall provide further clarification to the Court as to their position on that particular request.[2]

Accordingly, this Court **ORDERS** the following:

(1) Petitioner's Petition for Writ of Habeas Corpus [ECF No. 22] is **ACCEPTED AS FILED**;

(2) Petitioner's Motion to Extend Stay of Execution and Permit Filing of Placeholder Petition [ECF No. 21] is **GRANTED** pursuant to 28 U.S.C. § 2251(a)(1); and

(3) On or before Monday, June 20, 2016, Respondents **ARE REQUIRED TO FILE** a response to Petitioner's request that he be granted the remaining time under the statute of limitations, until December 23, 2016, in which to file an amended petition, before ordering Respondents to respond.

**IT IS SO ORDERED.**

---

[2] Specifically, the Court directs Respondents to address whether they should *now* be ordered to file an answer or other responsive pleading to Petitioner's already-filed "placeholder" habeas petition [ECF No. 22], or whether it is legally permissible for the Court not to require a responsive pleading until after December 23, 2016, the requested deadline for Petitioner filing an amended habeas petition.

3

Florence, South Carolina
June 14, 2016

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge