IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sammie Louis Stokes, #5069, ) | C/A No.: 1:16-845-RBH-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| Bryan P. Stirling, Director, South ) | REPORT AND RECOMMENDATION |
| Carolina Department of Corrections; ) | |
| Joseph McFadden, Lieber Correctional ) | |
| Institution, ) | |
| ) | |
| Respondents. ) | |

Petitioner Sammie Louis Stokes is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections who filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF Nos. 22, 51]. This matter comes before the court on Petitioner's Motion to Stay Proceedings Pending Exhaustion of State Remedies. [ECF No. 76]. Specifically, Petitioner asks this court to stay the instant federal habeas corpus matter pending the outcome of his state habeas corpus petition. [ECF No. 76 at 2]. Respondents have filed a response in opposition [ECF No. 79], and Petitioner has filed a reply [ECF No. 82]. Thus, this motion is ripe for this court's review.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.). Because the motion is potentially dispositive, this report and recommendation is entered for review by the district judge.[1] For the following reasons, the undersigned recommends

---

[1] At least one other federal court has found that motions to stay are generally, but not always, dispositive of unexhausted state claims in federal habeas corpus petitions filed

Petitioner's motion to stay be denied.

I.     Background

Petitioner was indicted by the Orangeburg County Grand Jury during the May 1999 term of court for (1) murder (98GS38-1246), (2) criminal conspiracy (98GS38-1247), (3) kidnapping (98GS38-1248), and (4) criminal sexual conduct–first degree (98GS38-1245). [ECF No. 19-4 at 189–90, 199–200, 202–05]. Subsequently, a jury convicted Petitioner on all counts and he was sentenced to death. Petitioner pursued direct appeal and post-conviction relief remedies in state court unsuccessfully.

This federal habeas action was initiated on March 9, 2016, by Petitioner's motion to stay execution and motion to appoint counsel. [ECF No. 1]. Thereafter, Petitioner filed a federal petition for a writ of habeas corpus on June 13, 2016, pursuant to this Court's directive that Petitioner comply with 28 U.S.C. § 2251(a)(1) should he seek a further stay of execution. [*See* ECF Nos. 8, 21, 22]. Petitioner's initial petition identified five grounds for relief, and Petitioner subsequently briefed three of those grounds. [ECF Nos. 22, 51]. On December 20, 2016, Petitioner filed an amended petition for a writ of habeas corpus, which added three grounds for relief. [ECF No. 75]. Simultaneously, Petitioner filed a motion to stay and to hold these proceedings in abeyance pending a

---

under 28 U.S.C. § 2254. *See, e.g.*, *Bastidas v. Chappell*, 791 F.3d 1155 (9th Cir. 2015); *Mitchell v. Valenzuela*, 791 F.3d 1166 (9th Cir. 2015). Out of an abundance of caution, the undersigned withdraws the order denying the stay [ECF No. 86] issued last week, and instead issues the instant Report and Recommendation to the district court that Petitioner's motion to stay be denied based on the reasoning found herein. Substantively, the reasoning remains the same; however, procedurally, the issuance of a Report and Recommendation preserves Petitioner's right to a *de novo* review of matters he objects to pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72.

decision by the South Carolina Supreme Court on Petitioner's state habeas corpus petition filed on December 20, 2016. [ECF No. 76; *see also* ECF No. 82-1 (indicating that the state petition for writ of habeas corpus was filed on December 20, 2016)[2]]. According to Petitioner, the state petition raises to the South Carolina Supreme Court the same issue set forth in Ground VI of the instant petition: "TRIAL AND COLLATERAL COUNSEL WERE INEFFECTIVE TO THE PREJUDICE OF THE APPLICANT BY FAILING TO INVESTIGATE, DEVELOP AND PRESENT ANY MITIGATION EVIDENCE." [ECF No. 76 at 5; see also ECF No. 75 at 5–32]. The state habeas petition remains pending in the state supreme court.

II.     Discussion

Petitioner asks this court to stay the case pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), while he seeks a state court determination of his unexhausted ineffective assistance of counsel claim, and Respondent opposes the stay. Pursuant to *Rhines*, a federal habeas case may be stayed and held in abeyance "where such a stay would be a proper exercise of discretion." *Id.* at 276. The Supreme Court further stated that in certain instances where a petitioner files a mixed petition (i.e., containing exhausted and unexhausted claims), an exercise of such discretion would be proper. *Id.* at 272–73, 276.

Prior to *Rhines* and the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), total exhaustion of state remedies was required prior to the filing of a federal habeas petition, requiring all mixed petitions be dismissed without

---

[2] This information is taken from the State of South Carolina's Return to the Petition for Writ of Habeas Corpus. The state petition itself has not been provided to the court.

prejudice.  *Rose v. Lundy*, 455 U.S. 509 (1982); *Rhines*, 544 U.S. at 273–74.  The AEDPA included a one-year statute of limitations for the filing of federal habeas petitions under § 2254. After AEDPA's enactment, the Supreme Court modified the rule regarding mixed petitions in certain limited circumstances, such as situations where a mixed petition is timely filed in federal court, but dismissal of the federal habeas petition may result in time-barring the petition from returning to federal court after a petitioner completes his obligation to exhaust all issues in state court.  *Rhines*, 544 U.S. at 275.  Therefore, the *Rhines* Court held that a district court may in limited circumstances stay a habeas proceeding; however, a stay is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  *Id.* at 277.  Additionally, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."  *Id.*  Accordingly, a stay should be granted where a petitioner demonstrates "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Id.* at 278.

    Petitioner argues his petition constitutes a mixed petition that satisfies the requirements of *Rhines*.  As to his good cause for failure to exhaust, Petitioner asserts that good cause exists for his failure to exhaust because it "was a direct result of his dependence on the competence and judgment of the lawyers appointed to represent him in his first state post-conviction relief proceedings," and that his counsel's "fail[ure] to abide by their obligation to identify and pursue viable claims for post-conviction relief

4

that are apparent from the face of the trial record." [ECF No. 76 at 4]. Respondents respond that the motion to stay is premature as they have yet to assert that any of Petitioner's claims are unexhausted or procedurally defaulted. [ECF No. 79 at 3]. Respondents further argue that "the state court records support the assumption of ineffective PCR counsel is far from justified[,]" noting that PCR counsel raised, but abandoned, a claim of ineffective assistance of trial counsel for failure to investigate and present mitigation evidence prior to the evidentiary hearing. [ECF No. 79 at 3–4]. Petitioner replies that the good cause requirement "is not 'meant to be inordinately demanding,'" [ECF No. 82 at 4], citing other capital habeas cases in this court where stays were granted pending the outcome of second state PCR actions filed in state court. [ECF No. 82 at 4–5].

Based on a review of the record and the arguments of counsel, the undersigned cannot find good cause for Petitioner's failure to exhaust his claim of ineffective assistance of trial counsel for having failed to present mitigation evidence. As noted by Respondents, PCR counsel at one time raised that claim, but subsequently abandoned it, and PCR counsel failed to further brief or to present any evidence in support of that issue at the PCR evidentiary hearing. The undersigned declines to presume PCR counsel was ineffective for failing to pursue the claim that trial counsel was ineffective for having failed to present available mitigation evidence, particularly where the record suggests that PCR counsel intended to proceed on that claim, but then decided against it.

In considering the merits of Petitioner's pending state habeas corpus petition, the undersigned is mindful that the state habeas corpus procedure is outside the normal

5

exhaustion procedures for direct and collateral claims in South Carolina.[3]  *See Wilson v. Moore*, 178 F.3d 266, 276 (4th Cir. 1999) ("[T]his remedy is available only under the most extra ordinary circumstances."). To wit:

> It has long been the case under South Carolina law that habeas corpus "cannot be used as a substitute for appeal or other remedial procedure[s] for the correction of errors of law of which the defendant had an opportunity to avail himself." *Tyler v. State*, 145 S.E.2d 434, 436 (S.C. 1965).  Thus, a prisoner may not disguise what is really a PCR application by calling it a habeas petition.  *See Simpson*[ *v. State*, 495 S.E.2d 429, 431 (S.C. 1998). This is so because South Carolina, like other jurisdictions, has a strong interest in promoting finality in the criminal justice system and in limiting the stream of attempts at collateral relief in any one case which often are "limited only by the imagination and creativity of skilled attorneys." *Aice*[ *v. State*, 409 S.E.2d 392, 394 (S.C. 1991)].  As the South Carolina Supreme Court has explained:
>
>> Finality must be realized at some point in order to achieve some semblance of effectiveness in dispensing justice.  At some juncture judicial review must stop, with only the very rarest of exceptions, when the system has simply failed a defendant and where to continue the defendant's imprisonment without review would amount to a gross miscarriage of justice.
>
> *Id.* (citing *Butler*[ *v. State*, 397 S.E.2d 87, 87 (S.C. 1990)].  Therefore, "[h]abeas corpus is available only when other remedies, such as PCR, are inadequate or unavailable." *Gibson v. State*, 495 S.E.2d 426, 428 (1998). And, in order to demonstrate that they are not executing an end-run around PCR procedures, state habeas petitioners must generally show that "PCR is unavailable, all other remedies have been exhausted, and the issues raise now could not have been raised in their prior PCR applications." *Id.* at 429.

*Id.* at 277.  *Rhines* directs that it would likely be an abuse of discretion for a court to deny a stay if a petitioner had good cause, if his claims were potentially meritorious, and if he

---

[3] Petitioner's pursuit of a state habeas corpus action, rather than a second post-conviction relief action, makes this case dissimilar from the many other federal capital habeas corpus cases he references where this court granted *Rhines* stays.

had not created any intentional delays. 544 U.S. at 278. At the same time, it would be an abuse of discretion to grant a stay where a claim is plainly meritless. *Id.* at 277. Petitioner asserts that "[t]he magnitude of the constitutional violation in Mr. Stokes' case eclipses those in [other cases where the writ was granted] and represents a complete failure of the capital representation system." [ECF No. 76 at 7]. However, based on the information presented to this court, the undersigned cannot find that Petitioner's state habeas corpus claim is potentially meritorious given the strong language from the South Carolina Supreme Court, as compiled by the Fourth Circuit above, that the writ of habeas corpus is not to be used as a mere substitute for post-conviction relief claims in South Carolina. It cannot be said that the issue raised in Petitioner's state habeas corpus petition could not have been raised in Petitioner's prior PCR application because the record shows that the claim regarding trial counsel's failure to present mitigation evidence actually was raised during Petitioner's PCR, but was not pursued.

AEDPA was promulgated, in-part, "to 'reduce delays in the execution of state and federal criminal sentences, particularly in capital cases.'" *Rhines*, 544 U.S. at 276 (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2002)). However, the statutory scheme was also designed to ensure that petitioners first seek review of their federal claims in state courts. *Id.* The *Rhines* Court specifically cautioned:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. *Cf. Duncan*[ *v. Walker*, 533 U.S. 167, 180 (2001)]

7

> ("[D]iminution of statutory incentives to proceed first in state court would . . . increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").

*Id.* at 277. The undersigned is not convinced either that there was good cause for Petitioner's failure to exhaust the claim he now raises in his state habeas corpus petition, or of the potential merit of that claim. Accordingly, the undersigned recommends denying Petitioner's motion to stay. The parties are instructed to continue with the briefing schedule set forth in the First Amended Scheduling Order, as modified by subsequent orders. [ECF Nos. 55, 85].

    IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

January 30, 2017  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).