UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Sammie Louis Stokes,<br><br>    Petitioner,<br><br>v.<br><br>Bryan P. Stirling, *Director, South Carolina Department of Corrections*, and Joseph McFadden, *Lieber Correctional Institution*,<br><br>    Respondents. | Civil Action No.: 1:16-cv-00845-RBH-SVH<br><br>**ORDER** |

Petitioner Sammie Louis Stokes, a state prisoner sentenced to death, initiated this action by filing a motion to stay his execution along with a motion to appoint counsel. *See* ECF No.[1] 1. Petitioner has since filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an amended petition. *See* ECF Nos. 22, 51, & 75. In conjunction with his amended petition, Petitioner filed a motion to stay these proceedings pending the exhaustion of state remedies—specifically, Petitioner has filed a state habeas corpus action[2] and asks this Court to stay the instant matter while that state action is pending. The matter is now before the Court for review of the Report and

---

[1] "ECF No." stands for "electronic court filing number."

[2] In South Carolina, a state prisoner has two primary means of attacking the validity of his conviction: (1) by filing a direct appeal, or (2) by filing an application for post-conviction relief. A prisoner may file a petition for a writ of habeas corpus in the South Carolina Supreme Court's original jurisdiction, "[b]ut, this remedy is available only under the most extra ordinary circumstances," *Wilson v. Moore*, 178 F.3d 266, 276 (4th Cir. 1999), and is not part of the ordinary procedure for exhausting a claim for federal habeas review. *See id.* at 276 ("The South Carolina Supreme Court, sitting in its original jurisdiction, will grant a writ of habeas corpus to correct only those infractions which 'in the setting, constitute[] a denial of fundamental fairness shocking to the universal sense of justice.' *Butler v. State*, 302 S.C. 466, 397 S.E.2d 87, 88 (1990) (internal quotation marks omitted) (emphasis in original). At bottom, habeas relief exists in South Carolina for prisoners who, ***after exhausting all other means of relief***, have 'been utterly failed by [the] criminal justice system.' *State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315, 328 (1991) (Toal, J., concurring)." (alterations in original) (emphasis added)).

Recommendation (R & R) of United States Magistrate Judge Shiva V. Hodges.[3] *See* R & R, ECF No. 87. The Magistrate Judge recommends denying the motion to stay. R & R at 8. Petitioner has filed objections to the R & R, and Respondents have filed a reply to the objections. *See* ECF Nos. 91 & 95.

### **Standard of Review**

Out of an abundance of caution, the Magistrate Judge made only a recommendation to the Court on the motion to stay.[4] The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

---

[3]    This matter was automatically referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

[4]    The Magistrate Judge made only a recommendation on the motion to stay in light of existing Ninth Circuit case law, which indicates "that motions to stay are generally, but not always, dispositive of unexhausted state claims in federal habeas corpus petitions filed under 28 U.S.C. § 2254." R & R at 1-2 n.1.

2

## Background[5]

The State of South Carolina indicted Petitioner for murder, criminal conspiracy, kidnapping, and first-degree criminal sexual conduct in May 1999. Petitioner was convicted of all counts and sentenced to death. Thereafter, he pursued both direct appeal and post-conviction relief (PCR) remedies in state court but was unsuccessful.

Petitioner's federal petition for a writ of habeas corpus[6] is currently pending in this Court. On December 20, 2016, Petitioner filed a motion to stay this action so that he can pursue a state habeas corpus action, which he simultaneously filed in the South Carolina Supreme Court on December 20, 2016. *See* ECF No. 76. Petitioner's claim in both his state habeas action and the instant federal habeas action (as Ground VI) is that his trial counsel and PCR counsel were ineffective by failing to investigate, develop, and present any mitigation evidence regarding Petitioner's background and history. *See* ECF No. 75 at 5 (federal petition); ECF No. 91-1 at 12-28 (state habeas petition). Respondents filed a response opposing the motion, and Petitioner filed a reply. *See* ECF Nos. 79 & 82. The Magistrate Judge issued an R & R recommending that the Court deny Petitioner's motion to stay. R & R at 8. Petitioner filed timely objections to the R & R,[7] and Respondents filed a timely reply to Petitioner's objections. *See* ECF Nos. 91 & 95.

## Discussion

The Magistrate Judge recommends denying Petitioner's motion to stay because the information

---

[5]   The R & R summarizes the background of this case, with applicable dates and citations to the record. *See* R & R at 2-3.

[6]   The § 2254 petition includes all of the grounds articulated and further discussed in the initially filed petition, the subsequent memorandum in support of the petition, and the supplemental petition. *See* ECF Nos. 22, 51, & 75.

[7]   Petitioner submitted with his objections a copy of his state habeas petition. *See* ECF No. 91-1.

3

currently available does not establish a stay is warranted under the framework set forth by the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005).[8] R & R at 8. The Magistrate Judge concluded Petitioner (1) failed to demonstrate good cause and (2) failed to show his unexhausted claim was potentially meritorious. *See* R & R at 4-8. Petitioner objects to both conclusions.

### *Good Cause*[9]

Petitioner asserts the Magistrate Judge erred in finding "that Mr. Stokes failed to demonstrate good cause for the failure to raise the claim in state court because he failed to demonstrate that PCR counsel was presumptively ineffective."[10] Pet.'s Objs. at 4. The Court disagrees with Petitioner's characterization and notion that the Magistrate Judge imposed a requirement on Petitioner to show presumptive ineffective assistance of PCR counsel to demonstrate good cause. Rather, the Magistrate Judge agreed with Respondents' contention that Petitioner attempted to demonstrate good cause by asking the Court ***to assume*** PCR counsel was ineffective—for not pursuing a claim regarding trial counsel's alleged failure to present mitigation evidence—without tendering any evidence other than the

---

[8] The R & R correctly summarizes *Rhines* and the law regarding when it is appropriate for a district court to exercise its discretion to issue a stay in a federal habeas corpus case while a petitioner attempts to exhaust state court remedies, and the Court adopts and incorporates that law by reference without repeating it here. *See* R & R at 3-4. The Court notes Respondents raise an argument that under *Martinez v. Ryan*, 566 U.S. 1 (2012), federal habeas petitioners now have the ability to excuse the default caused by PCR counsel, an exception that did not exist at the time of *Rhines*.

[9] "The Fourth Circuit and courts in this district have yet to precisely define what constitutes good cause under *Rhines*." *Clement v. Ballard*, No. 2:15-CV-02320, 2015 WL 6690158, at *10 (S.D.W. Va. Sept. 22, 2015) (collecting the split authority on whether ineffective assistance of PCR counsel may constitute good cause for a stay), *adopted by*, 2015 WL 6680893 (S.D.W. Va. Nov. 2, 2015). The Court emphasizes its good cause analysis is limited to the specific facts and circumstances of Petitioner's case.

[10] Petitioner also cites several cases from this district in which stays were entered based upon the theory that the South Carolina Supreme Court should rule on whether ineffective assistance of PCR counsel would be a sufficient claim to allow a successive PCR application in light of *Martinez*. Pet.'s Objs. at 3-4; *see Robertson v. State*, 418 S.C. 505, 795 S.E.2d 29 (2016). The Court notes the cited cases are not similarly situated to Petitioner's because they did not implicate state habeas procedure; rather, those cases implicated one of the primary means—PCR—for attacking the validity of a conviction.

fact that PCR counsel did not pursue that claim. *See* R & R at 5. The Court finds the Magistrate Judge properly declined to follow Petitioner's own reasoning and assume ineffectiveness from PCR counsel's mere failure to pursue the claim, given that the record reflects PCR counsel initially raised this claim but subsequently abandoned it, and that the record contains no evidence supporting a blind assumption that abandonment of the claim was ineffectiveness as opposed to a strategic decision on PCR counsel's part.

Next, Petitioner argues "[a]bandonment of a claim is not per se effective assistance of counsel." Pet.'s Objs. at 6-7. However, the Magistrate Judge simply concluded, for the sole purpose of ruling on the motion to stay, that the mere failure to pursue a particular claim against trial counsel did not necessarily indicate ineffectiveness on PCR counsel's part. The Magistrate Judge further noted (and all parties agree) that PCR counsel initially raised the claim regarding trial counsel's alleged ineffectiveness (at least generally), but did not pursue it in the PCR proceedings. *See* R & R at 5. There is no finding in the R & R that such actions were the result of either effective or ineffective assistance on PCR counsel's part.[11]

Having reviewed the relevant parts of the record, as well as the parties' arguments, the Court finds the good cause requirement of *Rhines* has not been sufficiently satisfied at this time to warrant a stay while Petitioner pursues his state habeas corpus claim. At this point, the Court has only Petitioner's allegation—raised in both the instant case (as a *Martinez* claim) and in his pending state habeas action—that PCR counsel was ineffective for failing to pursue the claim that trial counsel was ineffective for failing to properly investigate and present a mitigation case. Given the information

---

[11] The Magistrate Judge concluded Petitioner had not demonstrated good cause for purposes of deciding the motion to stay, and therefore recommended denying the motion to stay. She was in no way ruling on the merits of the *Martinez* claim in Ground VI.

currently available, this Court cannot conclude good cause exists for Petitioner's failure to exhaust.[12]

### *Potentially Meritorious State Claim*

Petitioner asserts, the Magistrate Judge erred in concluding his claim is "plainly meritless." Pet.'s Objs. at 7. However, the Magistrate Judge did ***not*** make such a conclusion; instead, the Magistrate Judge applied *Rhines* and concluded she could not find Petitioner's state habeas action is ***potentially meritorious*** in light of the fact that (1) the claim was raised and abandoned during a state PCR action and (2) state law indicates state habeas corpus should not be used as a mere substitute for PCR. *See* R & R at 5-7; *see also Wilson*, 178 F.3d at 277 (observing "South Carolina eschews the use of habeas as a belated substitute for a previously denied PCR application"). The Court agrees it is difficult to discern at this stage whether there is potential merit to Petitioner's state habeas corpus action.[13] The Court is fully aware that the bar to a grant of habeas relief has been set very high by the

---

[12] Petitioner asserts "the 'good cause' requirement need not be a highly restrictive standard," relying on *Blake v. Baker*, 745 F.3d 977, 981-82 (9th Cir. 2014). Pet.'s Objs. at 5-6. However, as Respondents note in their reply, "*Blake* supports that more than an assertion of ineffectiveness is necessary to warrant a stay." ECF No. 95 at 4. In *Blake*, the Ninth Circuit acknowledged "a bald assertion cannot amount to a showing of good cause," and it found good cause existed because the petitioner "supported his good cause argument with evidence of his abusive upbringing and history of mental illness, compiled by his federal post-conviction counsel." 745 F.3d at 982; *see id.* at 983 ("Blake's showing of good cause was not a bare allegation of state postconviction IAC, but a concrete and reasonable excuse, supported by evidence that his state post-conviction counsel failed to discover, investigate, and present to the state courts the readily available evidence of Blake's abusive upbringing and compromised mental condition.").

Respondents further detail information from Petitioner's supplemental petition which they believe suggest that Petitioner intentionally abandoned the claim against trial counsel after investigation. *See* ECF No. 95 at 5. At this stage, it is unclear whether PCR counsel's abandonment of the claim against trial counsel was a result of deficiency or some strategic decision, and such a finding is premature at this point.

Additionally, the Court notes the petitioner in *Blake* was seeking to exhaust his unexhausted claims in the state courts of Nevada. *See* 745 F.3d at 979. The precise issue here—whether Petitioner can demonstrate good cause to justify a stay based on his pursuit of ***the extraordinary writ of habeas corpus in the South Carolina Supreme Court's original jurisdiction, which is not a primary means for attacking a conviction—was not implicated in Blake.***

[13] As Respondents note in their reply to Petitioner's objections, Petitioner is not similarly situated to the other capital habeas petitioners in this district who received stays under *Rhines* to pursue successive PCR actions in state court since the South Carolina Supreme Court has now made clear that *Martinez* does not entitle state prisoners to second PCR actions in South Carolina. *See* ECF No. 95 at 3 (citing *Robertson v. State*, 418 S.C. 505, 795 S.E.2d 29 (2016)). None of the other stays in this district were granted in order for the petitioners to seek state habeas

state supreme court. *See Tucker v. Catoe*, 346 S.C. 483, 494-95, 552 S.E.2d 712, 718 (2001) ("[R]elief is appropriate only where the violation 'in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice.'" (quoting *Butler v. State*, 302 S.C. 466, 468, 397 S.E.2d 87, 88 (1990))). Though Petitioner's federal habeas counsel believe he can meet this extraordinarily high bar, *see* Pet.'s Objs. at 2 & n.2, the Court agrees with Respondents that a motion for a stay is at best premature given the enormous procedural hurdles for obtaining the actual exercise of the state supreme court's original jurisdiction. *See Wilson*, 178 F.3d at 278 (recognizing it is an "'extraordinary' step" to have the South Carolina Supreme Court exercise its original jurisdiction and review a habeas petition on the merits). The Court cannot conclude Petitioner has made a showing of potential merit for his unexhausted claim.

Should there be developments in Petitioner's pending state habeas action that warrant reconsideration of a stay in this federal action, the parties may bring such information to the Court's attention. At this time, however, the Court will deny Petitioner's motion to stay *without prejudice to refiling*.[14]

## Conclusion

The Court has conducted a de novo review of those portions of the R & R to which Petitioner objects. For the reasons stated in this Order and in the R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 87] by reference. Accordingly, the Court **DENIES** Petitioner's motion to stay and hold federal proceedings in abeyance [ECF No. 76] *without*

---

corpus relief, as explained in Footnote Ten, *supra*, of this Order.

[14]     In their reply, Respondents acknowledge denial without prejudice is appropriate, stating, "At a minimum, the motion should be denied without prejudice at this juncture as the critical assertions made in support of the motion for stay are not ripe for consideration." ECF No. 95 at 7.

*prejudice to refiling* in the event there are developments in Petitioner's pending state habeas corpus action warranting reconsideration of a stay in this federal case. The Court **DENIES AS MOOT** Petitioner's motion to stay the briefing schedule and hold in abeyance [ECF No. 94].

    **IT IS SO ORDERED.**


Florence, South Carolina                                         <u>s/ R. Bryan Harwell</u>
March 24, 2017                                                    R. Bryan Harwell
                                                                             United States District Judge