IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Sammie Louis Stokes, #5069, | ) | C/A No.: 1:16-845-RBH-SVH |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | |
| Bryan P. Stirling, Director, South Carolina Department of Corrections; Joseph McFadden, Lieber Correctional Institution, | ) | ORDER DENYING STAY OF GROUND EIGHT |
| Respondents. | ) | |

Petitioner Sammie Louis Stokes is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections who filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF Nos. 22, 51]. In a submission to this Court, ECF No. 96 at 15 n.4, Petitioner requested that his claim in Ground Eight be held in abeyance pending the United States Supreme Court's decision in *Davila v. Davis*, 2017 WL 125677 (Jan. 13, 2017). In Ground Eight, Petitioner claims ineffective assistance of appellate counsel for failure to raise an issue pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986). Petitioner has conceded that Ground Eight is procedurally defaulted, but he asserts that he can "overcome the procedural default by demonstrating his post-conviction counsel was ineffective and that his claim of ineffective assistance of appellate counsel has 'some merit.'" ECF No. 96 at 15 (quoting *Martinez v. Ryan*, 566 U.S. 1 (2012)).

The United States Supreme Court has now issued an opinion in *Davila v. Davis*, 2017 WL 2722418 (June 26, 2017), declining to extend the *Martinez* exception to allow a federal court to hear a substantial, but procedurally defaulted, claim of appellate ineffectiveness when a prisoner's state post-conviction counsel provides ineffective assistance by failing to raise it. In light of the issuance of the *Davila* decision, the undersigned denies the request to hold Ground Eight in abeyance.

IT IS SO ORDERED.

June 29, 2017
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge