IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sammie Louis Stokes, | ) | C/A No.: 1:16-845-RBH-SVH |
| | ) | |
| Petitioner, | ) | DEATH PENALTY CASE |
| | ) | |
| vs. | ) | |
| | ) | |
| Bryan P. Stirling, Director, South Carolina Department of Corrections; Joseph McFadden, Lieber Correctional Institution, | ) ) ) ) ) | ORDER |
| | ) | |
| Respondents. | ) ) | |

Sammie Louis Stokes ("Petitioner"), an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF Nos. 22, 51, 75].[1] This matter has been assigned to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.). This matter is before the court on Petitioner's motion for a protective order prohibiting Assistant Attorney General Anthony Mabry from defending the deposition of Thomas Sims. [ECF No. 149].[2] Having been fully briefed [ECF Nos. 157, 162], the motion is ripe for disposition.

---

[1] The entirety of the habeas corpus petition was filed in three separate parts for the following reasons: Petitioner first filed a habeas corpus petition to properly comply with 28 U.S.C. § 2251 and have his execution stayed by this Court. [*See* ECF Nos. 8, 22]. Thereafter, Petitioner filed a memorandum in support of his petition. [*See* ECF No. 51]. Finally, following his counsel's *Martinez* investigation, Petitioner filed a supplemental petition to raise additional grounds that had not been previously raised in state court. [*See* ECF No. 75].
[2] Mr. Mabry has not made a notice of appearance in this case and the court strongly suggests that he do so prior to further participation in this case.

The deposition of Mr. Sims began on September 14, 2017. In the motion, Petitioner's counsel alleges Mr. Mabry inappropriately interrupted her questioning of Mr. Sims by insisting to see the document that was the subject of the questioning. [ECF No. 149 at 3].[3] Petitioner's counsel states she felt she had no choice but to adjourn the deposition prematurely because Mr. Mabry continued to interrupt her and to insist to see the document as counsel attempted to question the witness. *Id*. In response, Respondents argue that Petitioner failed to comply with Local Civ. R. 30.04(H) and allege Petitioner's counsel improperly made statements or suggestions to the witness.

The question before the court is limited in scope: Whether Mr. Mabry's conduct during the deposition of Mr. Sims was so egregious that he should be prohibited from participating in a reconvened deposition of Mr. Sims. Petitioner cites no authority for the proposition that Mr. Mabry should be prohibited from participating in the deposition of Mr. Sims or any other witness. The undersigned has reviewed all of the materials submitted by both parties, including the audio recording of the deposition, and declines to order the relief Petitioner seeks.

The court reminds all counsel that they are bound by Local Civ. R. 30.04 (D.S.C.), which governs conduct during depositions. In addition, counsel are instructed in the future to contact the court to resolve issues that arise during depositions to prevent any further unnecessary delay in these proceedings.

---

[3] Petitioner alleges, and Respondents do not dispute, that Petitioner's counsel showed Mr. Mabry a copy of the document before she began questioning Mr. Sims on the document. [ECF No. 149 at 3]. Although this is not clear from the audio recording, Mr. Mabry made an objection on the record to the use of the document prior to the questioning, so it appears he was familiar with the document.

IT IS SO ORDERED.

October 19, 2017  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge