UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Sammie Louis Stokes, | ) | Civil Action No.: 1:16-cv-00845-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bryan P. Stirling, *Director, South Carolina* | ) | |
| *Department of Corrections*; and Lydell | ) | |
| Chestnut, *Deputy Warden of Broad River* | ) | |
| *Road Correctional Secure Facility*, | ) | |
| | ) | |
| Respondents. | ) | |

On October 15, 2021, in compliance with the judgment and mandate of the United States Court of Appeals for the Fourth Circuit, this Court issued Petitioner a writ of habeas corpus vacating his death sentence unless the State of South Carolina commences jury selection in a new sentencing hearing by October 15, 2022. ECF Nos. 242 & 243. However, on May 31, 2022, the United States Supreme Court granted Respondents' petition for writ of certiorari, vacated the Fourth Circuit's judgment, and remanded the case to the Fourth Circuit for further consideration in light of *Shinn v. Martinez Ramirez*, 142 S. Ct. 1718 (2022). *Stirling v. Stokes*, 142 S. Ct. 2751 (2022). That same day, Respondents filed a motion before this Court requesting that this Court vacate its October 15, 2021 order and judgment. ECF No. 244. Petitioner has not filed a response to Respondents' motion.

On July 5, 2022, the Clerk of the Supreme Court sent a certified copy of its judgment to the Fourth Circuit, and the Fourth Circuit reopened the case and directed the parties to file simultaneous supplemental briefs. *Stokes v. Stirling*, No. 18-6 (4th Cir.), ECF Nos. 98, 99 & 100. The parties filed their briefs, and the case has now been tentatively calendared for in-person oral argument during the Fourth Circuit's October 25–28, 2022 oral argument session. *Id.*, ECF Nos. 101, 102 & 108.

Given the timing of Respondents' May 31, 2022 motion to vacate, the Court will consider it under Federal Rule of Civil Procedure 60(b).[1]  *See In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992) (explaining when Rule 60(b) applies "[i]n cases where a party submits a motion . . . [that] does not refer to a specific Federal Rule of Civil Procedure").  "The power of a district court to vacate a judgment under Federal Rule of Civil Procedure 60(b) rests within the district court's equitable powers[.]" *Nat'l Org. for Women v. Operation Rescue*, 47 F.3d 667, 669 (4th Cir. 1995).  "To succeed on a Rule 60(b) motion, "a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).  Once a party makes this threshold showing, it must demonstrate that it is entitled to relief under one of Rule 60(b)'s six subsections.  *Id.*

Here, Respondents' motion is timely (it was filed the same day the Supreme Court ruled), presents a meritorious defense (given the Supreme Court's ruling), does not unfairly prejudice Petitioner (as the Fourth Circuit will tentatively hear oral argument in late October), and presents exceptional circumstances (whether to begin resentencing in a death penalty matter).  No response in opposition has been filed by Petitioner.  Morever, Respondents are entitled to relief under Rule 60(b)(5) because the Court's October 15, 2021 order and judgment are based on the Fourth Circuit's now-vacated judgment.  *See* Fed. R. Civ. P. 60(b)(5) (permitting relief from a final judgment or order that "is based on an earlier judgment that has been reversed or vacated"); *see generally Werner v. Carbo*, 731 F.2d 204, 207–08 (4th Cir. 1984) (discussing Rule 60(b)(5)).  Accordingly, the Court **GRANTS** Respondents' motion

---

[1]     *See Banister v. Davis*, 140 S. Ct. 1698, 1705 (2020) ("The Federal Rules of Civil Procedure generally govern habeas proceedings."); *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) ("Rule 60(b) has an unquestionably valid role to play in habeas cases. . . . In some instances, we may note, it is the State, not the habeas petitioner, that seeks to use Rule 60(b), to reopen a habeas judgment granting the writ.").

[ECF No. 244] and **VACATES** the October 15, 2021 order and judgment.

      **IT IS SO ORDERED.**


Florence, South Carolina                    s/ R. Bryan Harwell
August 8, 2022                          R. Bryan Harwell
                                        Chief United States District Judge