UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Sammie Louis Stokes, ) | Civil Action No.: 1:16-cv-00845-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bryan P. Stirling, *Director, South Carolina Department of Corrections*; and Lydell Chestnut, *Deputy Warden of Broad River Road Correctional Secure Facility*, ) ) ) ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This case is before the Court on remand from the United States Court of Appeals for the Fourth Circuit. *See Stokes v. Stirling*, 64 F.4th 131, 144 (4th Cir. 2023) (vacating and remanding with instructions that the district court issue the writ of habeas corpus unless the State of South Carolina grants Stokes a new sentencing hearing within a reasonable time). The Fourth Circuit issued the mandate on May 18, 2023, and that same day, the undersigned directed the parties to file a joint status report addressing what constitutes "a reasonable time" for the State's grant of a new sentencing hearing. ECF Nos. 254, 256. The parties have now filed a status report; however, the parties disagree as to what constitutes a "reasonable time" for a new sentencing hearing.

Back in 2021, during the height of the COVID pandemic, the parties agreed that 365 days was a reasonable time for a new sentencing hearing. ECF No. 239. Now, Petitioner Stokes suggests a time period of 140 to 200 days is a reasonable time; while the State suggests 365 days. ECF No. 257. The status report also indicates that the State will be filing a petition to the United States Supreme Court seeking review of the Fourth Circuit's most recent opinion in this matter. The State's petition to the U.S. Supreme Court is due June 20, 2023.

With respect to what would constitute a "reasonable time" under these circumstances, Petitioner

Stokes's only argument in support of a 140 to 200 day time frame concerns his health condition but does not articulate why that would require a new sentencing hearing within 140 to 200 days, especially when Stokes is already serving a life sentence without parole on another murder charge. There is simply no rationale offered for a 140 to 200 day time frame.

The State, on the other hand, in support of its request for 365 days, notes that the state courts are still dealing with a COVID backlog of criminal cases and a "new state docketing order" with only 24 terms of court a year to address all cases. The State also points out that Stokes's original death penalty trial occurred in October 1999 and will require a new jury and the presentation of evidence from the guilt phase, which would ordinarily not be necessary in a bifurcated death penalty trial.

Under the circumstances, the COVID backlog of criminal cases and the limited number of terms of court, the length of time between the original death penalty trial and now, Petitioner's life sentence without the possibility of parole on another case, and other arguments presented by the State, the Court finds that 365 days is a reasonable time.

Accordingly, consistent with the Fourth Circuit's mandate, the Court **ISSUES** Petitioner a writ of habeas corpus vacating his death sentence unless the State of South Carolina grants him a new sentencing hearing within one year (365 days) of the date of this Order. If the State of South Carolina has not commenced jury selection in the new sentencing hearing within 365 days (i.e., June 10, 2024[1]), the State must sentence Petitioner to life imprisonment.

**IT IS SO ORDERED.**

June 8, 2023                                              s/ R. Bryan Harwell
Florence, South Carolina                        R. Bryan Harwell
                                                                  Chief United States District Judge

---

[1] June 8, 2024 falls on a Saturday.